UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | **)** | |
| | ) | |
| v. | ) | No. 4:20CR00419 SEP/SPM |
| | ) | |
| | ) | |
| TRENICE HASSEL, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S MOTION FOR FINDINGS OF FACT AND
PROPOSED SCHEDULING ORDER DUE TO THIS MATTER BEING A COMPLEX
CASE**

COMES NOW the United States of America by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Assistant United States Attorneys Tracy L. Berry and Edward Dowd III, pursuant to Title 18, United States Code, Section 3161(h), *et al*, and moves this Honorable Court to make specific findings of fact concerning scheduling of pretrial matters, discovery, and time limit exclusions regarding pretrial matters.  The Government, in support of its motion, states as follows:

**STATEMENT OF THE CASE**

1.  This case involves a complex investigation concerning a group of individuals with ties throughout the United States and Nigeria who are alleged to have committed an online romance scam that targeted women between the ages of 45 and 82. The fraudsters have induced dozens of women to mail packages containing currency and electronic equipment to two post office boxes located in the Eastern District of Missouri through electronic wire communications.  The defendant is charged for aiding and abetting the conspirators by making false statements to a federal

government agency or department.  Specifically, the Indictment alleges one count concerning a violation of Title 18, United States Code, Section 1349 (Conspiracy to Commit Mail Fraud, Wire Fraud, and Using an Assumed Name), three counts concerning violations of Title 18, United States Code, Section 1341 (Mail Fraud), one count concerning a violation of Title 18, United States Code, Section 1001 (Making a False Statement), and one count concerning a violation of Title 18, United States Code, Section 1028A (Aggravated Identity Theft).

2.  Due to the nature and complexity of the investigation, the Government anticipates numerous pretrial motions may be filed and litigated.  Such motions could include lengthy review by the Court, pretrial conferences, protective orders, and long-term discussion among the parties.

3.  Evidence and materials collected during the course of the investigation are voluminous in that the investigation involves electronic correspondence between numerous victims and the co-conspirators, analysis of records of the Postal Service and the Internet Computer Crime Center, bank records, and electronic evidence obtained through the execution of search warrants. Discovery in this matter will likely be a lengthy and on-going process as additional victims have been identified as a result of the unsealing of the indictment, and more are expected, and because none of the identified victims reside within the State of Missouri.  Additionally, the investigation involved the seizure and forensic examination of several electronic devices.  Much of the material obtained contains personally identifying information of victims.  Discovery is further complicated as unindicted co-conspirators have been involved in tampering with witnesses to prevent their cooperation with law enforcement.

4.  Discoverable materials include, but are not limited to: (a) court-authorized search warrants; (b) documents and records containing sensitive information provided by victims; (c)

financial records; (d) reports and memoranda related to multiple law enforcement agencies and interviews; and (e) forensically examined electronic devices.

5.  The Government recognizes that in light of the nature of the charges and the number of discovery matters, it is unreasonable to expect the defense to adequately prepare for pretrial proceedings and for the trial itself within the time limits established by the Speedy Trial Act.  The Government further asserts that the ends of justice would best be served by declaring this case complex pursuant to relevant law in that the ends of justice outweigh the best interest of the public and the defendant in a speedy trial.  *United States v. Stackhouse*, 183 F.3d 900, 901 (8th Cir.1999) (district court must set forth in the record its reasons for finding that the ends of justice would be served).  Setting this case within the time required by the Speedy Trial Act in a matter this complex could lead to a miscarriage of justice for the defendants and the public at large. Title 18, United States Code, Section 3161(h) permits a Court to grant to delay a case if it makes on-the-record findings that the ends of justice served by any delay and that the delay outweighs the public's and defendant's interests in a speedy trial.  *Zedner v. United States*, 547 U.S. 489, 126 S.Ct. 1976, 1978 (2006).

6.  Undersigned counsel has consulted with the attorney representing Defendant Trenice Hassel.  Defense counsel advised that he and the Defendant have no objection to, and join in the request to designate this case as complex.

-4-

**WHEREFORE,** the Government respectfully requests that this Court make specific findings of fact concerning scheduling of pretrial matters, discovery, and pretrial matters, in light of the aforementioned facts and circumstances.

                                   Respectfully submitted,

                                   JEFFREY B. JENSEN
                                   United States Attorney

                                   s/ *Tracy Lynn Berry*
                                   TRACY LYNN BERRY #014753
                                   Assistant United States Attorney
                                   111 South 10th Street, Room 20.333
                                   St. Louis, Missouri  63102
                                   (314) 539-2200

## CERTIFICATE OF SERVICE

Copy of the foregoing was sent through the court's electronic filing system this 29th day of September, 2020, to: Terence Niehoff, Esq.

                                     s/ Tracy Lynn Berry
                                   ASSISTANT UNITED STATES ATTORNEY